IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ME2 PRODUCTIONS, INC., | ) | CIVIL NO. 17-00078 SOM-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT IN PARTY AND DENY IN PART |
| vs. | ) | PLAINTIFF'S MOTION FOR ENTRY OF |
| | ) | DEFAULT JUDGMENT AGAINST |
| FERDINAND PUMARAS, ET AL., | ) | DEFENDANT FERDINAND PUMARAS |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
JUDGMENT AGAINST DEFENDANT FERDINAND PUMARAS

Before the Court is Plaintiff ME2 Production, Inc.'s Motion for Entry of Default Judgment Against Defendant Ferdinand Puamaras, filed on July 12, 2017 ("Motion"). ECF No. 32. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 33. After careful consideration of the Motion, the declaration, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART.

BACKGROUND

Plaintiff's complaint alleges violations for direct copyright infringement and contributory copyright infringement pursuant to 17 U.S.C. § 101, et seq., against Defendant Ferdinand Puamaras. ECF No. 20 ¶¶ 55-69. According to Plaintiff,

Defendant, without Plaintiff's permission or consent, duplicated and distributed "Mechanic: Resurrection," a motion picture whose registered copyright is owned by Plaintiff. ECF No. 20 ¶¶ 7-54; ECF Nos. 20-1; 20-2; 20-3. Plaintiff alleges that Defendant used a peer-to-peer file sharing protocol to reproduce, distribute, display, or perform "Mechanic: Ressurection." Id. Plaintiff alleges that this conduct has infringed Plaintiff's exclusive rights in "Mechanic: Resurrection" in violation of 17 U.S.C. § 106(1) and (3)-(5). Id. ¶¶ 11-15. Through early discovery, Plaintiff has been able to identify the subscriber to the Internet Service Provider (ISP) for the IP address used on the date of the alleged infringement. Id. Plaintiff alleges that the subscriber at the IP address where the alleged infringement occurred "opened the account for the benefit of Defendant Ferdinand Pumaras." Id. ¶ 12. Defendant was served on May 23, 2017. ECF No. 26. After Defendant failed to appear, the Clerk of Court entered default against Defendant on July 7, 2017. See ECF No. 31. The present Motion followed seeking default judgment, a permanent injunction, and attorneys' fees and costs. ECF No. 32 at 2.

## ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by

computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. <u>Haw. Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. <u>Valley Oak Credit Union v. Villegas</u>, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff;
>
> (2) the merits of plaintiff's substantive claim;
>
> (3) the sufficiency of the complaint;
>
> (4) the sum of money at stake in the action;
>
> (5) the possibility of a dispute concerning material facts;
>
> (6) whether the default was due to excusable neglect; and
>
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Id.</u> at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18

(9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

      **A.   Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

First, the Court has subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331, 1338 and 17 U.S.C. §§ 101 et seq.  Second, the Court has personal jurisdiction over Defendant because Plaintiff alleges that Defendant is a resident of Hawaii, ECF No. 20 ¶¶ 4, 8, and Defendant was served on May 23, 2017 at his residence in Hawaii.

See ECF No. 26.

### B. **Eitel Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.

#### 1. **The Possibility of Prejudice to Plaintiff**

The first factor considers whether Plaintiff would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery. Accordingly, the first Eitel factor favors default judgment.

#### 2. **Merits of Plaintiff's Substantive Claims**

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, the allegations in Plaintiff's Complaint, taken as true, establish that Plaintiff is entitled to default judgment against Defendant on all claims.

Plaintiff has made a prima facie showing of copyright infringement and contributory copyright infringement. A plaintiff asserting a copyright infringement claim must prove "(1) ownership of the copyright; and (2) infringement—that the defendant copied protected elements of the plaintiff's work."

5

Three Boys Music Corp. v. Bolton, 212 F.3d 477, 481 (9th Cir. 2000).  Regarding Plaintiff's claim for copyright infringement, Plaintiff has alleged: (1) it owns and has registered the copyrighted work at issue; (2) Defendant reproduced and distributed that work without authorization; and (3) Plaintiff was damaged by Defendant's actions.  ECF No. 20 ¶¶ 55-62.  As to Plaintiff's claim for contributory copyright infringement, Plaintiff alleges that Defendant caused or materially contributed to the direct infringement of Plaintiff's copyright by other Defendants by participating in the peer-to-peer file-sharing protocol.  Id. ¶¶ 63-69.  These allegations are minimally sufficient to state a claim for contributory copyright infringement.  See Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004).  Accordingly, the merits of Plaintiff's claims weighs in favor of default judgment.

### 3.   Sufficiency of the Complaint

As discussed above, the allegations in the Complaint are sufficiently pled.  The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4.   Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472).  Under the Copyright Act, a plaintiff may elect to seek actual

damages attributable to the infringement or statutory damages of "not less than $750 or more than $30,000." 17 U.S.C. § 504(b), (c). Here, Plaintiff seeks statutory damages of $7,500 for Defendant's alleged infringement and attorneys' fees of $2,187.36. ECF No. 35-1 at 28-29. Except for the minimial amount of money Defendant saved by not purchasing or renting the infringed work, Plaintiff did not suffer economic loss and Defendant did not profit from the infringement. Plaintiff's request is extreme compared to the relatively inconsequential conduct alleged. Accordingly, this factor weighs against entering default judgment.

5.   **Possibility of Dispute Concerning Material Facts**

As noted above, the well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair opportunity to defend this action; Defendant has not done so. Because no dispute has been raised regarding Plaintiff's material factual allegations, this factor favors default judgment.

6.   **Whether Default was Due to Excusable Neglect**

The Court finds that Defendant's default was not the result of excusable neglect. Defendant failed to defend this action and default was entered against him. See ECF No. 31. The record suggests that Defendant's default was not the result of

any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's default makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and against Defendant.

### C. Remedies

Although Defendant's default establishes his liability, it does not establish the amount of damages or other relief to which Plaintiff is entitled. See Fair Hous. of Marin, 285 F.3d at 906. Plaintiff must provide evidence to support its requested

8

relief and the relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, Plaintiff requests that the Court: (1) issue a permanent injunction prohibiting Defendant from infringing on Plaintiff's copyright in the work and from knowingly and willfully using BitTorrent or the Internet for copying or downloading content in violation of U.S. copyright law in the future; (2) issue an order requiring Defendant to destroy all illegal copies of the infringed work, all copies of the BitTorrent protocol, and any software used for the alleged infringement; (3) statutory damages of $7,500; and (4) attorneys' fees of $2,187.36. ECF No. 32-1 at 28-29.

First, regarding the requested permanent injunction, "the district court [has] the 'power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right' of the trademark owner." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1137 (9th Cir. 2006) (citing 15 U.S.C. § 1116(a)). Under the Copyright Act, courts may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. To be entitled to a permanent injunction, Plaintiff must demonstrate: (1) irreparable harm; (2) lack of adequate remedies at law; (3) the balance of hardships favoring Plaintiff; and (4) that the

injunction is in the public's interest.  eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 393-94 (2006).

   Plaintiff provides no evidence that Defendant currently owns the infringed work, or any illegally downloaded works, in the wake of this suit.  Plaintiff provides no evidence that Defendant currently owns or uses any file-sharing software.  Moreover, to identify Defendant, Plaintiff alleges only that "[t]he Internet subscriber (Merlinda Lalin) of IP address 72.234.114.156 opened the account for the benefit of Defendant Ferdinand Pumaras."  ECF No. 20 ¶ 12.  As one court has explained, "it is no more likely that the subscriber to an IP address carried out a particular computer function than to say an individual who pays the telephone bill made a specific telephone call," and "this concern is particularly glaring where the subscriber identifies another individual through unknown means and for unknown reasons."  Dallas Buyers Club, LLC v. Bui, No. C14-1926RAJ, 2016 WL 1242089, at *3 (W.D. Wash. Mar. 30, 2016) (internal quotations and alterations omitted).  Plaintiff has not provided evidence that Defendant is committing an ongoing infringement.  Therefore, Plaintiff has not established irreparable harm, lack of adequate remedies at law, or that the balance of hardships favors Plaintiff.  Likewise, the Court finds that Plaintiff is not entitled to a permanent injunction.

   Second, regarding Plaintiff's request for an order that

Defendant destroy all copies of the infringed work and file-sharing software, the Copyright Act authorizes a court to order the "destruction or other reasonable disposition" of copies of the infringed work. 17 U.S.C. § 503(b). However, as discussed, Plaintiff has not produced evidence that Defendant actually posses the infringed work or file-sharing software at this time. Therefore, the request should be denied.

Third, Plaintiff requests statutory damages of $7,500. ECF No. 32-1 at 15-23. Under the Copyright Act, a plaintiff may elect to seek actual damages attributable to the infringement or statutory damages of "not less than $750 or more than $30,000." 17 U.S.C. § 504(b) and (c). However, if a plaintiff proves that the infringement was "willful," then a court has discretion to award up to $150,000 in statutory damages; if a defendant proves he "had no reason" to believe he was infringing a copyright, then the court may reduce damages to as little as $200. Id. § 504 (c)(2). Statutory damages under the Copyright Act are intended to punish and deter infringements and compensate plaintiffs. Dream Games of Arizona, Inc. v. PC Onsite, 561 F.3d 983, 992 (9th Cir. 2009).Plaintiff's request for "only $7,500" is unreasonable. See ECF No. 32-1 at 19. There is no evidence that Defendant infringed on Plaintiff's copyright after this case proceeded against him. There is also no evidence that Defendant is the original user who first made the work available to others. The

Court is not persuaded by Plaintiff's argument that generally contributing to a marketplace of infringed works warrants $7,500 in damages. See id. at 17-19; see also, e.g., Voltage Pictures, LLC v. Martinez, No. 3:15-CV-00002-AC, 2015 WL 4772856, at *4 (D. Or. Aug. 11, 2015) (awarding minimum statutory damages in a similar case); Elf-Man, LLC v. C.G. Chinque Albright, No. 13-CV-0115-TOR, 2014 WL 5543845, at *7 (E.D. Wash. Oct. 31, 2014) (same); Thompsons Film, LLC v. Athias, No. 13-CV-0126-TOR, 2014 WL 5543900, at *9 (E.D. Wash. Oct. 31, 2014) (same); Dallas Buyers Club, LLC v. Bui, No. C14-1926RAJ, 2016 WL 1242089, at *4 (W.D. Wash. Mar. 30, 2016) (same); Dallas Buyers Club, LLC v. Madsen, No. C14-1153RAJ, 2015 WL 6680260, at *5 (W.D. Wash. Nov. 2, 2015) (same); Dallas Buyers Club, LLC v. Nydam, No. C14-1684RAJ, 2016 WL 7719874, at *4 (W.D. Wash. Aug. 8, 2016) (same); Criminal Prods., Inc. v. Gunderman, No. C16-1177-RAJ, 2017 WL 3297518, at *4 (W.D. Wash. Aug. 1, 2017) (same). Instead, the Court finds that the minimum statutory damages are more than sufficient to deter and punish Plaintiff's conduct and to compensate Defendant.

    Finally, Plaintiff requests its attorneys' fees be shifted to Defendant. ECF No. 32-1 at 25-28. Plaintiff requests an award of $2,100 to reflect 6 hours of work at a rate of $350 per hour, plus $87.36 to recover for the Hawaii General Excise Tax. Id. at 27. The Copyright Act provides that a court "may"

award costs and reasonable attorneys' fees to the prevailing party.  17 U.S.C. § 505.  The Supreme Court emphasized that courts have discretion to deny attorneys' fees under this provision, and noted that it was "impossible to believe" that Congress intended for automatic fee-shifting in every case. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994); accord McCulloch v. Albert E. Price, Inc., 823 F.2d 316, 323 (9th Cir. 1987) (Ninth Circuit case noting that "we do not believe Congress intended that the prevailing plaintiff should be awarded attorney's fees in every case" under the Copyright Act).  The Supreme Court recently reiterated that 17 U.S.C. § 505 "confers broad discretion on district courts and, in deciding whether to fee-shift, they must take into account a range of considerations." Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1988 (2016).  Those considerations include "the degree of success obtained; frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in the case); and the need in particular circumstances to advance considerations of compensation and deterrence." Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001) (affirming the denial of attorneys' fees).

        The Court finds that fee-shifting is not appropriate in this case.  Although not frivolous, Plaintiff's degree of success

is minimal.  The statutory award of $750 is low - not even half of what Plaintiff has requested in attorneys' fees.  Moreover, Plaintiff notes that the infringed work was one of the top-ten most pirated movies on the week of the alleged infringement.  ECF No. 32-1 at 9.  Likewise, Plaintiff's success in this suit is minimal compared to the widespread infringement that Plaintiff seeks to remedy through litigation.  See Glacier Films (USA), Inc. v. Turchin, No. 3:15-CV-01817-SB, 2016 WL 4251581, at *3 (D. Or. Aug. 10, 2016) (in a similar case, explaining that prevailing on an individual suit "does not warrant requiring Defendant to fund in toto Plaintiffs' enforcement of their copyright"). Additionally, as discussed, Plaintiff's identification of Defendant as the infringer is troublesome, particularly because Defendant was identified by another individual as a likely infringer, without evidence before the Court that supports this conclusion.  Finally, as discussed, the statutory minimum award of damages in itself is more than sufficient to advance the aims of compensation and deterrence.  See Glacier Films (USA), Inc. v. Gallatin, No. 3:15-cv-01632-SB, 2016 WL 3148401, at *3 (D. Or. May 12, 2016) ("With knowledge that it will now cost $750 to watch a single movie on the BitTorrent network, consumers should be motivated instead to spend a few dollars to rent the same movie legally.").  Therefore, the Court finds that Plaintiff's request for an award of attorneys' fees should be denied.

CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff ME2 Productions, Inc.'s Motion for Default Judgment Against Defendant Ferdinand Pumaras be GRANTED IN PART AND DENIED IN PART as follows:

(1) Default judgment be entered in Plaintiff's favor and against Defendant Ferdinand Pumaras;

(2) Plaintiff's request for a permanent injunction prohibiting Defendant from infringing on Plaintiff's copyright in the work and refraining from knowingly and willfully using BitTorrent or the Internet to copy or download content in violation of U.S. copyright law in the future be DENIED;

(3) Plaintiff's request for the court to issue an order requiring Defendant to destroy all illegal copies of the work and the software used for the alleged infringement be DENIED;

(4) Plaintiff be GRANTED an award of $750 in statutory damages; and

(5) Plaintiff's request for attorneys' fees be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 22, 2017.

Richard L. Puglisi
United States Magistrate Judge

ME2 PRODUCTIONS, INC. V. FERDINAND PUMARAS; CIVIL NO. 17-00078 SOM-RLP; FINDINGS AND TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT FERDINAND PUMARAS